## LONG ISLAND CITY, APPELLANT, *v.* THE LONG ISLAND RAILROAD COMPANY, RESPONDENT.

*Municipal charter — street regulations — Railroad —* § 14, *sub.* 5 *of title* 3, *and* § 19 *of title* 11 *of chapter* 461 *of* 1871, *construed.*

Power was granted to Long Island City by its charter, to regulate the use of its streets by railways ; such charter also provided that nothing therein contained should be construed as granting to said municipality power to prohibit or control, in any manner, the use of steam power on any railroad from any part of Long Island to the East river, and such railroad should have an unobstructed right to run to the East river with their locomotives and cars, but should furnish suitable guards or signals at the street crossings for the protection of the public, *held*, that the legal effect of this latter provision was to exempt the railroad of defendant, which ran from a part of Long Island through said city to the East river, from an ordinance requiring it to station a flagman at its crossings.

APPEAL from a judgment of the County Court of Kings county dismissing plaintiff's complaint. The action was brought to recover of the defendant a penalty of fifty dollars, imposed by an ordinance of the plaintiff, because of the failure of the defendant to station a flagman at a certain crossing as directed by said ordinance. The ordinance being passed under the power claimed to be vested in them by section 14, subdivision 5, title 3 of their charter, chapter 461, Laws of 1871. The dismissal was based on the ground, among others, that there was now a law requiring railroads to give certain "signals" on approaching all streets and public roads, and a penalty prescribed for their omission so to do, and that the plaintiff's charter conferred no power to require of the defendant an additional duty in regard thereto, or to impose an additional penalty for failure to perform it.

*S. B. Noble*, for the appellant.

*Downing & Stanbrough*, for the respondent.

GILBERT, J. :

By title 3, chapter 1, section 14, subdivision 5 of the charter of Long Island City (Laws 1871, chap. 461, p. 905), power has been granted to

the common council thereof to make an ordinance to regulate the use of streets, etc., by railways, but by section 19, title 11 of that charter (Laws 1871, 982) it is provided that nothing therein shall be construed as granting to the mayor or common council of said city, or either of them, or to any officer of said city power to prohibit or control in any manner the use of steam power on any railroad from any part of Long Island to the East river, and such railroad shall have an unobstructed right to run to the East river with their locomotives and cars, but shall furnish suitable guards or signals at the street crossings, for the proper protection of the public. It is conceded that the defendants' railroad is one of those which are protected by this section. The legal effect of that provision, we think, is to except those railroads from the operation of the grant of power first mentioned. The common council cannot control the use of steam power by the defendants on their railroad, nor obstruct their right to run to the East river with their locomotives and cars. The ordinance passed by the plaintiff requires the defendants to station flagmen at all points where the railroad crosses a street, avenue, road or public place, and as it applies only to companies using steam power, is a direct attempt to control the use of that power on their road, and if carried out would necessarily obstruct the right which the defendants acquired by virtue of their act of incorporation. For any addition, by means of an ordinance, to the duties or burdens imposed by law on the defendants, would necessarily be an exercise of control over, and restrictive of the right before enjoyed by them.

We think, therefore, that the ordinance transcends the power vested in the common council, and upon that ground the judgment must be affirmed.

BARNARD, P. J., dissented.

Present—BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed with costs.